# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## O R D E R

### LD-2012-0013, In the Matter of Lisa A. Biron

In June 2013, the Attorney Discipline Office (ADO) filed certified copies of the judgment of the United States District Court for the District of New Hampshire showing that the respondent, Attorney Lisa A. Biron, had been convicted of violating 18 U.S.C. §2423(a) and §2427, Transportation with intent to engage in criminal sexual activity, 18 U.S.C. §2251(a) and §2256, Sexual Exploitation of Children, and 18 U.S.C. §2252A(a)(5)(B), Possession of child pornography. The respondent appealed her convictions to the United States Court of Appeals for the First Circuit. In August 2013, the court stayed the present disciplinary matter pending a decision by the United States Court of Appeals on the respondent's appeal. In April 2015, the court was notified that the United States Court of Appeals had affirmed the respondent's convictions, and that the Supreme Court of the United States had denied the respondent's petition for writ of certiorari.

Rule 37(9)(d) provides in part:

> Upon the receipt of a certificate of conviction of an attorney for a "serious crime," the court may, and shall if suspension has been ordered pursuant to subsection (a) above, institute a formal disciplinary proceeding by issuing an order to the attorney to show cause why the attorney should not be disbarred as result of the conviction. If the court determines that no such good cause has been shown, the court shall issue an order of disbarment, or such other discipline as the court shall deem appropriate . . . . Provided, however, that final discipline will not be imposed until all appeals from the conviction are concluded.

After receiving notification that the respondent's convictions had been affirmed, the court issued an order, in accordance with Rule 37(9)(d), requiring the respondent to show cause why she should not be disbarred. The respondent filed a response in which she asked that this matter remain stayed until after she filed a motion in accordance with 28 U.S.C. §2255 to collaterally attack her convictions. The respondent's request for a continued stay of this proceeding is denied.

In her response, the respondent does not contend that the crimes of which she was convicted were not "serious crimes" as defined in Rule 37(9). Although

A TRUE COPY
ATTEST _____
Clerk/Deputy Clerk of the New Hampshire Supreme Court

the respondent claims that her trial was "unconstitutional" and that the government used perjured testimony against her, the court does not consider these conclusory allegations to constitute "good cause" for purposes of Rule 37(9)(d). In light of the seriousness of the respondent's conduct, the court concludes that the appropriate sanction is disbarment.

THEREFORE, the court orders that Lisa A. Biron be disbarred from the practice of law in New Hampshire. Attorney Biron is hereby assessed all expenses incurred by the Professional Conduct Committee in the investigation and prosecution of this matter.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

DATE: May 28, 2015

ATTEST:

*Eileen Fox*
**Eileen Fox, Clerk**

Distribution:
Attorney Discipline Office
Professional Conduct Committee
Janet F. DeVito, Esquire
Lisa A. Biron, Esquire
File

A TRUE COPY
ATTEST *Allison R Cook*
Clerk/Deputy Clerk of the New Hampshire Supreme Court

2